# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**VICTOR RODRIGUEZ,**               )
                                    )
    **Plaintiff,**       )
                                    )
    v.                  )    Case No. 16-cv-02465 (APM)
                                    )
**FEDERAL BUREAU OF INVESTIGATION,**)
**et al.,**                         )
                                    )
    **Defendants.**      )
_____ )

## MEMORANDUM OPINION AND ORDER

**I.  INTRODUCTION**

Plaintiff Victor Rodriguez filed this pro se action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against the Criminal Division of the Department of Justice ("Criminal Division"), the Executive Office for U.S. Attorneys ("EOUSA"), the Federal Bureau of Investigation ("FBI"), and the Office of Information Policy ("OIP").  Defendants Criminal Division, EOUSA, and OIP (collectively, "Defendants") have moved for summary judgment on the ground that they have satisfied all of their FOIA obligations in response to Plaintiff's request for records.[1]  Because Defendants' declarations are insufficient to support a finding that the search conducted by Defendants to locate responsive records was adequate, the court denies Defendants' motion for summary judgment without prejudice.

---

[1] The FBI does not join in this motion because its production efforts are ongoing.  The FBI has located approximately 8,200 pages of potentially responsive records and is currently processing and releasing responsive documents to Rodriguez.  *See* FBI Status Report, ECF No. 30.  The FBI expects approximately seven additional months of releases to Plaintiff.  *Id.*

## II. BACKGROUND

Plaintiff is a federal prisoner serving a sentence of life imprisonment without possibility of parole. By letter dated July 7, 2014, Plaintiff submitted a FOIA request to the FBI and Criminal Division, requesting: "All records maintain[ed] in your office from (Victor Rodriguez) Criminal Case (98-362-12) . . . . . . . (Eastern District of Pennsylvania) Pertaining to the (Death Pen[a]lty Case)." *See* Defs.' Mot. for Summ. J., ECF No. 23 [hereinafter Defs.' Mot.], Attach. 1, ECF No. 23-1 [hereinafter Sprung Decl.], Ex. 1; Compl., ECF No. 1, ¶¶ 1–2.

The Criminal Division responded to Rodriguez on June 27, 2016, stating that it had located 574 pages of records. *See* Sprung Decl., Ex. 2. Of those 574 pages, the Criminal Division withheld 97 pages in full pursuant to FOIA Exemptions 5, 6, and 7(C). *Id.* Moreover, the Criminal Division explained, because 473 pages of the responsive records originated with the U.S. Attorney's Office, those pages were referred to EOUSA. *Id.*; Defs.' Mot., Attach. 2, ECF No. 23-2 [hereinafter Jolly Decl.] ¶ 4. In turn, by letter dated August 4, 2016, EOUSA notified Rodriguez that it was withholding all 473 pages in full pursuant to FOIA Exemptions 3, 5, 6, 7(C), 7(D), 7(F), and the Privacy Act, 5 U.S.C. § 552a(b)(j)(2). Jolly Decl., Ex. A, ECF No. 23-2.[2]

Plaintiff appealed the Criminal Division's decision to OIP, which affirmed the decision to withhold the 97 pages in full. Compl., Ex. D, ECF No. 1-5; Sprung Decl. ¶ 9. Plaintiff also appealed EOUSA's decision to OIP. Compl., Ex. C, ECF No. 1-4. Rodriguez subsequently filed a Complaint in this court on December 19, 2016. Defendants moved for summary judgment on August 16, 2017, arguing that they conducted adequate searches for responsive records and properly applied FOIA exemptions to withheld records. Defs.' Mot., Defs.' Mem. of Points &

---

[2] The Criminal Division referred four other pages to OIP. Sprung Decl., Ex. 2. Plaintiff's Complaint does not challenge OIP's response as to these four pages.

Authorities in Support of Mot. for Summ. J. [hereinafter Defs.' Mem.], at 1.  In support of their motion, Defendants attached: (1) the declaration of Peter C. Sprung, a trial attorney in the Criminal Division who reviewed the Criminal Division documents collected in response to Plaintiff's FOIA request, *see* Sprung Decl.; (2) the declaration of Vinay J. Jolly, an Attorney-Advisor of the FOIA/Privacy Act Unit of EOUSA who reviewed records referred to EOUSA by the Criminal Division, *see* Jolly Decl; and (3) *Vaughn* indices, *see* Sprung Decl., Ex. 3; Jolly Decl., Attach. A. Plaintiff opposed Defendants' Motion.  Pl.'s Opp'n to Defs.' Mot. for Summ. J., ECF No. 27 [hereinafter Pl.'s Opp'n].  The motion is now ripe for consideration.

### III.   LEGAL STANDARD

Most FOIA cases are appropriately decided on motions for summary judgment.  *See Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  A court may award summary judgment in a FOIA case to the government if "the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester."  *Friends of Blackwater v. U.S. Dep't of Interior*, 391 F. Supp. 2d 115, 119 (D.D.C. 2005) (internal quotation marks omitted); *see* Fed. R. Civ. P. 56.  In granting summary judgment, a court may rely solely on the information included in the agency's affidavits or declarations if they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted), and if they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith," *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

## IV. DISCUSSION

Because this action is one brought by a plaintiff proceeding pro se, the court "take[s] particular care to construe plaintiff's filings liberally, for such [filings] are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Cheeks v. Fort Myer Constr. Co.*, 722 F. Supp. 2d 93, 107 (D.D.C. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). In this case, Plaintiff appears to challenge the adequacy of Defendants' search, the bases for their withholdings, and the segregability of the documents withheld. *See generally* Compl.; Pl.'s Opp'n.

The court begins—and ends—its inquiry by analyzing the adequacy of the search conducted by the Criminal Division and EOUSA. An agency is entitled to summary judgment "only if it 'show[s] beyond material doubt that it has conducted a search reasonably calculated to uncover all relevant documents.'" *Aguiar v. Drug Enf't Admin.*, 865 F.3d 730, 738 (D.C. Cir. 2017) (quoting *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007)). To meet that burden, the agency may submit "reasonably detailed affidavit[s], setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Id.* (alteration in original) (quoting *DiBacco v. U.S. Army*, 795 F.3d 178, 188 (D.C. Cir. 2015)). Agency affidavits are accorded a presumption of good faith, which cannot be rebutted through "'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). Summary judgment, however, is inappropriate when the agency's identification and retrieval procedure is genuinely in issue. *See Weisberg v. Dep't of Justice*, 627 F.2d 365, 370–71 (D.C. Cir. 1980).

Here, the Criminal Division offers the declaration of Peter Sprung, an attorney in the FOIA/Privacy Act Unit, to describe the search the Criminal Division undertook to respond to

Plaintiff's request. According to Sprung, "[b]ased upon the nature of the records Plaintiff requested, a search request was sent to the Criminal Division's Capital Case Section ('CCS')." Sprung Decl. ¶ 7. CCS provides legal and policy guidance to U.S. Attorney's Offices on capital cases and assists the Attorney General's Review Committee on Capital Cases, which advises the Attorney General on death penalty decisions. *Id.* The search—presumably conducted by CCS—located 574 pages of responsive records, which fell into two categories: (1) records "originating" with the U.S. Attorney's Office for the Eastern District of Pennsylvania, which prosecuted Plaintiff and twice requested from DOJ permission to seek the death penalty against Plaintiff; and (2) records "originating" with CCS and the Office of the Attorney General relating to deliberations and decisions regarding the death penalty in Plaintiff's case. *See id.* ¶ 8. As discussed, 473 pages of those records were referred to EOUSA. Jolly Decl. ¶ 4. EOUSA's declarant affirms that EOUSA reviewed those records. *Id.*

Defendants assert that the Criminal Division and EOUSA's search for records was adequate because "both searches w[ere] comprehensive and reasonably calculated to identify all records responsive to Plaintiff's request." Defs.' Mem. at 6. Maybe so. But the Sprung Declaration is not sufficiently detailed to permit the court to share in that assessment. Sprung states that the search request was sent *only* to CCS "[b]ased upon the nature of the records Plaintiff requested." Sprung Decl. ¶ 7. Sprung does not, however, explain why "the only reasonable place to look for" the documents was within CCS or why "no other record systems are reasonably likely to contain" responsive records. *Aguiar*, 865 F.3d at 739.[3] Moreover, although Sprung discloses the number of responsive records that the agency located, he does not set forth the search terms

---

[3] It is unclear to the court whether the Criminal Division—either directly or through CCS—sought records from the U.S. Attorney's Office for the Eastern District of Pennsylvania. If no such search was requested, then the Criminal Division must explain why the U.S. Attorney's Office in the district in which Plaintiff was prosecuted is not likely to have responsive records.

5

CCS used or the method and type of search CCS performed to identify those records. Sprung Decl. ¶ 7. As a result, neither Plaintiff nor the court can adequately assess whether the agency's search complied with FOIA. *Cf. DeBrew v. Atwood*, 792 F.3d 118, 122 (D.C. Cir. 2015) ("A reasonably detailed affidavit, setting forth the search terms and the type of search performed . . . is necessary to afford a FOIA requester an opportunity to challenge the adequacy of the search and to allow the district court to determine if the search was adequate in order to grant summary judgment." (alteration in original) (quoting *Oglesby v. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990))). Thus, while the Sprung Declaration provides some information about the Criminal Division's search, it lacks the detail necessary for the court to assess the adequacy of that search.

EOUSA's declarant, Vinay Jolly, an Attorney-Advisor with EOUSA, adds little to the statements made by Sprung. Although Defendants' motion suggests that EOUSA conducted its own independent search for records responsive to Plaintiff's request, *see* Defs.' Mem. at 6 (referring to "both searches"), Jolly is silent as to whether any such search was conducted, *see generally* Jolly Decl. Instead, Jolly merely affirms that EOUSA received and reviewed the 473 pages of responsive documents referred by the Criminal Division. Jolly Decl. ¶ 4.

In sum, Defendants' declarations are insufficient for the court to conclude that the agency's approach in searching for documents responsive to Plaintiff's request "was reasonably calculated to uncover all relevant documents." *Oglesby*, 920 F.2d at 68. Without evidence of the search terms and method of search used by the Criminal Division, and an explanation for why CCS was the *only* location that housed responsive documents, the court finds that genuine issues remain about the adequacy of the search.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the court denies Defendants' Motion for Summary Judgment without prejudice. Defendants shall conduct an adequate search and produce all responsive, non-exempt documents, or in the alternative, they shall submit an affidavit demonstrating why the initial search was adequate, consistent with this Memorandum Opinion. Defendants shall file a renewed motion for summary judgment on or before April 6, 2018. When renewing their motion, Defendants need not re-assert arguments as to its withholdings and segregability review, but may incorporate them by reference.

Dated: February 21, 2018

Amit P. Mehta
United States District Judge