UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **VICTOR RODRIGUEZ,**      ) <br> ) <br> **Plaintiff,**      ) <br> ) <br> v.      ) <br> ) <br> **FEDERAL BUREAU OF INVESTIGATION,**      ) <br> ) <br> **Defendant.**      ) <br> ) | Case No. 16-cv-02465 (APM) |

## MEMORANDUM OPINION

In this action under the Freedom of Information Act ("FOIA"), Plaintiff Victor Rodriguez sought from Defendant Federal Bureau of Investigation "all records maintain[ed] in your office from (Victor Rodriguez) Criminal Case (98-362-12) . . . Eastern District Court of Pennsylvania." Decl. of David Hardy, ECF No. 57-2 [hereafter Hardy Decl.], Ex. A at 78 (CM/ECF pagination) (ellipses in original). In consultation with various other federal agencies, Defendant identified and processed approximately 8,007 pages of responsive records, releasing 918 pages in full and 2,663 pages in part, and withholding 4,426 pages in full pursuant to various FOIA Exemptions. *Id.* ¶ 4. On September 19, 2019, Defendant moved for summary judgment. *See* Def.'s Mot. for Summ. J., ECF No. 57. The next day, the court issued the required order under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam). ECF No. 59; *see also Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 391 (D.C. Cir. 2020). Plaintiff then sought an extension of time, *see* ECF No. 60, which the court granted, *see* Minute Order 10/31/19, but Plaintiff never filed an opposition to Defendant's motion. Accordingly, the court treats Defendant's Statement of Facts, ECF No. 57-1, as undisputed, Fed. R. Civ. P. 56(e)(2). Notwithstanding Plaintiff's nonresponse, the court has conducted a complete review of the record, and "after fully considering the merits of the

motion," the court finds that judgment in favor of Defendant is "warranted." *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507–08 (D.C. Cir. 2016).

First, Defendant conducted an adequate search. Defendant's declarant, David Hardy, sufficiently explains that "no other record system was likely to produce responsive documents," and "show[s], with reasonable detail" that the agency's approach "was reasonably calculated to uncover all relevant documents." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *see* Hardy Decl. ¶¶ 59–63. He also disclosed "the search terms and the type of search performed." *Aguiar v. Drug Enf't Admin.*, 865 F.3d 730, 738 (D.C. Cir. 2017) (citation and internal quotation marks omitted); see Hardy Decl. ¶ 61 & n.28 (explaining that electronic database searches were performed using a three-way breakdown of Plaintiff's name and other identifying information).

In addition, the Hardy Declaration "contain[s] sufficient detail to allow a reviewing court to assess the applicability of the claimed exemptions to the undisclosed information." *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1179 (D.C. Cir. 1996). Over nearly 45 pages, Hardy explains in detail why Defendant (and other agencies) withheld information on the basis of Exemptions 3, 5, 6, 7(A), 7(C), 7(D), 7(E), and 7(F). *See* Hardy Decl. at 28–73; 5 U.S.C. § 552(b). Hardy's categorical approach to describing these withholdings is appropriate. He defines the categories "functionally," establishes that he conducted a "document-by-document review in order to assign documents to the proper category," and explains how each category meets an exemption's requirements. *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1098 (D.C. Cir. 2014); *see also* Hardy Decl., Ex. RR, *Vaughn* Index, ECF No. 57-2, at 256–375. The court is therefore satisfied that Defendant properly withheld the information that it did.

Finally, Hardy attests to having conducted a sufficient segregability analysis of the withheld materials. Hardy Decl. ¶ 147. A "comprehensive *Vaughn* index, along with an affidavit that a line-by-line segregability review of each document withheld in full," is "sufficient to fulfill the agency's obligation to show that further segregability was not feasible." *Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Justice*, 160 F. Supp. 3d 226, 245 (D.D.C. 2016); *see also Johnson v. Exec. Office For U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002) ("In order to demonstrate that all reasonably segregable material has been released, the agency must provide a 'detailed justification' for its non-segregability. However, the agency is not required to provide so much detail that the exempt material would be effectively disclosed." (citing *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977)). Defendant has met that obligation.

For the foregoing reasons, Defendant's Motion for Summary Judgment, ECF No. 57, is granted. A separate final order accompanies this Memorandum Opinion.

Dated: May 20, 2020

Amit P. Mehta
United States District Judge